ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Law Corporation
Brian M. Wheeler     State Bar No. 266661
   BWheeler@aalrr.com
Lana Milojevic     State Bar No. 297983
   Lana.Milojevic@aalrr.com
128000 Center Court Drive South, Suite 300
Cerritos, California 90703-5480
Telephone: (562) 653-3200
Fax: (562) 653-3333

Attorneys for Plaintiffs
BERKLEY INTERNATIONAL, LLC, and
BERKLEY INTERNATIONAL (NC), LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BERKLEY INTERNATIONAL, LLC, an Arizona Limited Liability Company; and BERKLEY INTERNATIONAL (NC), LLC, a California Limited Liability Company;<br><br>    Plaintiffs,<br><br>v.<br><br>MARIA SANCHEZ, an individual;<br><br>    Defendant. | Case No. 2:19-cv-7516<br><br>**DEMAND FOR JURY TRIAL**<br><br>**COMPLAINT FOR:**<br><br>**1. VIOLATION OF DEFEND TRADE SECRETS ACT;**<br>**2. VIOLATION OF CALIFORNIA UNIFORM TRADE SECRETS ACT;**<br>**3. BREACH OF CONTRACT; AND**<br>**4. INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS.** |

Plaintiffs Berkley International, LLC, and Berkley International (NC), LLC (herein collectively "Berkley"), by and through its attorneys, as their Complaint against Defendant Maria Sanchez ("Sanchez"), hereby allege as follows:

COMPLAINT

## I.     INTRODUCTION

1. Berkley is a family-owned and operated business founded in 2012. Berkley provides its customers with creative and practical solutions in packaging and retail displays, co-packing, molded fiber manufacturing, and e-commerce. As set forth below, Berkley owns all of the proprietary, confidential, and trade secret information that Sanchez has misappropriated.

2. Berkley has taken great time to develop proprietary, confidential, and trade secret information, including, but not limited to, customer information, pricing, and vendor contact information, that is integral to its success. Because of this gathered information, Berkley clients have come to expect a certain level of service and consistency when working with Berkley. Through its business model and customer relations, Berkley has established a brand that is distinct from others.

3. Defendant Sanchez, a former employee of Berkley, occupied a special position of trust and confidence as Director of Business Development, and through this position of trust, had access to Berkley's confidential, proprietary, and trade secret information, as well as other sensitive data and property belonging to Berkley.

4. Berkley brings this action to compel former Berkley employee Sanchez to immediately and permanently cease using or disclosing Berkley's confidential, proprietary, and trade secret information and return the data Sanchez had no right to take from Berkley, including, on information and belief, volumes of Berkley's confidential, proprietary and trade secret information, that she retained for personal use, and which Sanchez has no right to possess or use. Berkley is informed and believes, and on that basis alleges, that Sanchez has used Berkley's confidential information and trade secrets in her employment with a business in direct competition with Berkley.

5. Berkley brings this Complaint to stop any further misuse of its proprietary information and to enjoin Sanchez from using its confidential, proprietary, and trade secret information, to stop Sanchez from intentionally

interfering with Berkley's employment with other former and current Berkley employees, and to obtain compensation for its damages.

6. If Sanchez is not immediately restrained from using Berkley's misappropriated proprietary, confidential, and trade secret information, Berkley will continue to suffer immediate, irreparable, and irreversible harm to its business.

## II. PARTIES

7. Plaintiff Berkley International, LLC, is a limited liability company organized and existing under the laws of the State of Arizona. Its principal place of business is located at 2725 E. El Presidio Street, Carson, California and has been in operation since 2012.

8. Plaintiff Berkley International (NC), LLC, is a limited liability company organized and existing under the laws of the State of California. Its principal place of business is located at 2725 E. El Presidio Street, Carson, California and has been in operation since 2016.

9. Defendant Maria Sanchez is a resident, domiciliary and citizen of California. Sanchez worked for Berkley for approximately a year and a half, beginning in or about January 2018.

## III. JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over Berkley's federal trade secret claim pursuant to 18 U.S.C. § 1836, *et seq.* (Defend Trade Secrets Act) and 28 U.S.C. § 1331 (federal question). The Court has supplemental jurisdiction over the state law claims alleged in this First Complaint pursuant to 28 U.S.C. § 1367(a).

11. This Court has personal jurisdiction over Defendant Maria Sanchez because she is a resident, domiciliary, and citizen of California.

12. Venue is proper within this judicial district pursuant to a contractual venue selection clause in the Employee Confidentiality and Non-Disclosure Agreement between the parties. In addition, Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or

1 omissions giving rise to the claims alleged in this Complaint occurred in this
2 District. Venue is also proper in this District because Berkley's principal place of
3 business is in this District.

4 **IV.** **FACTUAL ALLEGATIONS**

5 13. Berkley is a family-owned and operated business founded in 2012.
6 Berkley provides its customers with creative and practical solutions in packaging
7 and retail displays, co-packing, molded fiber manufacturing, and e-commerce.

8 14. Berkley is an innovator in the molded fiber industry, including in
9 particular in custom packaging manufacturing using post-consumer and plant-based
10 fiber materials. Industry publications recognize Berkley as a leader in eco-friendly
11 packaging solutions. In 2016, Inc. Magazine ranked Berkley as the #1 manufacturer
12 in America on its 5000 list.

13 15. Berkley specializes in brokering corrugated cardboard packaging and
14 display services for its clients. Through years of experience and expertise, Berkley
15 and its founding have earned a solid reputation in the packaging industry, which has
16 led to Berkley's success and prominent standing in the community today.

17 16. Berkley goes through great lengths to protect its proprietary,
18 confidential, and trade secret information that is integral to its success, including,
19 but not limited to, customer information, pricing, and vendor contact information.
20 Berkley clients have come to expect a certain level of service and consistency when
21 working with Berkley.

22 17. Through its business model and customer relations, Berkley has
23 established a brand that is distinct from others and created enormous goodwill.

24 18. Today, Berkley operates in Carson, California, in addition to prolific
25 locations in Northern California, Arkansas and Nevada. Berkley employs
26 approximately 50 employees.

**A.    As An Industry Leader, Berkley Maintains a Wealth of Confidential, Proprietary, and Trade Secret Information that its Employees are Expected to Protect.**

19.    Over the course of several years, Berkley has developed and maintained significant amounts of highly confidential information that is proprietary to it, not generally known to the public or easily accessible or discoverable by the public, and has derived independent economic value from not being known, including but not limited to:

   a.   Sales and commission structure information, including sales minimums and goals by sales representatives, commission rates, and the proprietary formula of payment and commission rates to sales staff;

   b.   Booking reports, which include profitability on orders, the cost of all goods manufactured and the price for services offered to clients, along with the history of profitability, present standing, and future goals;

   c.   Client contact information, along with quoted rates for orders, history of orders, technical specifications of historical requests, and future projections and goals, along with the proprietary formula that Berkley has established and uses to determine service prices per purchase order; and

   d.   Vendor contact information, along with price sheets, costs, timelines, history of purchase orders, technical specifications of historical requests, and future projections.

20.     Berkley maintains its competitive position through the protection of its goodwill, trade secrets, and confidential and proprietary information. Berkley takes reasonable steps to ensure that its confidential, proprietary, and trade secret information, including the above-described information and documents, remains secret, including, without limitation, as follows:

   a.   Only limited employees have access to the above information and only on an absolutely necessary basis;

   b.   Employees are issued company-owned, password-protected computers that Berkley has access to and the ability to erase all content;

 c. Employees who have access to confidential, proprietary information and trade secrets sign a Non-Disclosure and Confidentiality Agreement acknowledging that disclosure of confidential and/or proprietary information to competitors and to others in the general public would be detrimental to Berkley; and

 d. Upon severance of employment, Berkley conducts an exit interview and requires employees to surrender all Berkley records, documents, lists, and other property in the employee's possession. If a departing employee refuses to participate in an exit interview, as Ms. Sanchez did, Berkley immediately demands employees surrender any Berkley property in their possession and reminds the departing employees of their continuing obligations of confidentiality, including pursuant to employment agreements such as the The Agreement asserted in this action.

**B.** **<u>Sanchez's Employment as Director of Business Development Provided Her with Access to Berkley's Confidential and Proprietary Information and Trade Secrets.</u>**

21. Sanchez worked for Berkley as Director of Business Development starting in or about January 2018, until the termination of her employment in August, 2019.

22. Sanchez's job duties included establishing and reviewing client and business development goals and minimums, seeking out new business opportunities for Berkley, working closely with existing clients and vendors to increase existing business and capture new opportunities, leading sales and client-relationship management, and guiding objectives to meet Berkley's business needs and requirements.

23. During her course of employment at Berkley, including by virtue of executing her job duties, Sanchez was exposed to, became familiar with, and had access to highly confidential, proprietary and trade secret information regarding virtually all aspects of Berkley's business operations, including product roadmaps, strategy plans and forecasts, sales goals, internal financial data, costs of goods and

services, profitability reports, marketing documents, customer data, historical sales information, and confidential personnel data.

### C. Sanchez Has Misappropriated Berkley's Trade Secrets and Other Confidential Information.

24. Berkley's Trade Secrets and other Confidential Information have considerable economic value to Berkley and are considered valuable commercial assets.

25. On July 23, 2019, Sanchez voluntarily executed and was a party to a valid and enforceable Employee Confidentiality and Non-Disclosure Agreement (herein "The Agreement"), attached as Exhibit A hereto and incorporated herein, with Berkley.

26. As defined in section 1(a) of The Agreement, Berkley's Trade Secret includes, without limitation:

[All] forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, complications, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing that (i) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (ii) Berkley has taken efforts or measures that are reasonable in the circumstances to keep or maintain the secrecy of such information.

27. As defined in section 1(b) of The Agreement, Berkley's Confidential Information includes, without limitation:

All tangible and intangible proprietary information, materials, processes, process parameters, methods, practices, techniques, technical plans, drawings, designs, past, present or ongoing research and research objectives, data,

algorithms, hardware, computer software, firmware and programs, source code, computer screens, product and process specifications and related documentation, formulae, patterns, sketches, drawings, models, inventions and invention disclosures, know-how, apparatus, equipment, chemical or biological materials, discoveries, information regarding research, experimental work, developments, improvements, prototypes and devices, engineering plans, procurement requirements, concepts, ideas, customer information and lists, customer sales data, discounts, budgets and loss information, pricing information, price lists, supplier information and lists, Berkley company-compiled personnel and compensation information and records, marketing, manufacturing and business plans, forecasts, and strategies, financial information, responses to requests for proposals and other bid information, and all other summaries and compilations of information, which relate in any way to the business of Berkley, and which is or are disclosed to Employee by Berkley, or on its behalf, either directly or indirectly, in writing, verbally, electronically or by drawings or by inspection of facilities, including joint venture plants or facilities of Berkley customers and/or vendors, or in any other way, including through Employee's employment with Berkley.

28. As part of The Agreement, Sanchez agreed, among other things:

(i) to not use or disclose any Berkley Trade Secret or Confidential Information, in whole or in part, and to use her best efforts to protect the secrecy of and avoid disclosure or use of the Trade Secret or Confidential Information in order to prevent it from falling into the public domain or the possession of other persons;

(ii) to not interfere with the relationship between Berkley and its employees, agents, representatives, or customers, including in relation to Berkley's Trade Secrets or Confidential Information;

(iii) to immediately return to Berkley upon termination or whenever requested by Berkley all documents and any other tangible material of any description containing any Berkley Trade Secrets or Confidential Information, including all copies thereof;

(iv) to not, directly or indirectly, during the term of employment by Berkley, engage or participate in any business that is in competition in any manner whatsoever with the business of Berkley or call on, solicit, take away, or to attempt to call on, solicit, or take away any Berkley employees or customers; and

(v) to not, directly or indirectly, use or make known to any person or entity that makes, manufactures, produces, or sells products or offers services in competition with Berkley, any Trade Secrets of Berkley, for as long as such information qualifies as a bona fide Trade Secret, to call on, solicit, take away, or to attempt to call on, solicit, or take away any of the customers or employees of Berkley.

29. Upon information and belief, after termination of her employment, Sanchez went to work for Berkley's direct competitor, Acorn West LLC ("Acorn").

30. Upon information and belief, before and upon leaving her employment with Berkley International, Sanchez misappropriated confidential, proprietary, and trade secret information, including information Ms. Sanchez forwarded from her Berkley email account to her personal Gmail account.

31. Upon information and belief, the confidential, proprietary, and trade secret information Sanchez has misappropriated includes, without limitation:

    a. Sales and commission structure information, including sales minimums and goals by sales representative, commission rates, and the proprietary formula of payment and commission rates to sales staff;

    b. Booking reports, which include profitability on orders, the cost of all goods manufactured and the price for services offered to clients, along with the history of profitability, present standing, and future goals;

c. Client contact information, along with quoted rates for orders, history of orders, technical specifications of historical requests, and future projections and goals, along with the proprietary formula that Berkley has established and uses to determine service prices per purchase order; and

d. Vendor contact information, along with price sheets, costs, timelines, history of purchase orders, technical specifications of historical requests, and future projections.

32. Berkley is informed and believes, and upon this information and belief alleges, that Sanchez has disclosed and used Berkley's trade secrets and other confidential and proprietary information for her benefit and to the detriment of Berkley.

**D. Sanchez Intentionally Interfered with Berkley's Employment of Other Berkley Employees during Her Employment and Has Continued to Interfere with Relations After She Resigned.**

33. Upon information and belief, while Sanchez was still employed at Berkley, Sanchez used her position and status at Berkley to recruit other employees to leave Berkley, including for Acorn.

34. Upon information and belief, Sanchez has continued to recruit and solicit Berkley employees to leave Berkley, including to join Acorn and other competitors of Berkley.

35. Upon information and belief, Sanchez has also disparaged Berkley and its principals in furtherance of her efforts to recruit and solicit Berkley employees.

**E. Sanchez Has Ignored Her Contractual Obligations and Continued Her Wrongful Acts.**

36. After Sanchez sought employment with Acorn, counsel for Berkley sent her a letter on August 9, 2019, reminding her of her contractual obligations under The Agreement.

37. Upon information and belief, Sanchez has, to date, ignored the letter and has continued to misappropriate Berkley's confidential, proprietary and trade secret information, and Sanchez's use of that information during her employment with a Berkley competitor has caused irreparable harm to Berkley and will continue to irreparably harm Berkley unless and until Sanchez is enjoined. Among other things, Berkley is in danger of having its confidential and proprietary data being misused to unfairly compete against, and otherwise harm, Berkley.

38. Sanchez's misappropriation of Berkley's confidential and proprietary information and trade secrets, and her use of that information while employed with a competitor, has caused irreparable harm to Berkley and will continue to irreparably harm Berkley unless and until Sanchez is enjoined. Among other things, Berkley is in danger of having its confidential and proprietary data being misused to unfairly compete against, and otherwise harm, Berkley.

39. It is difficult or impossible to place a monetary value on the damage that would be done to Berkley if Sanchez is permitted to continue to use Berkley's confidential and proprietary information.

## FIRST CLAIM FOR RELIEF

**Violation of Defend Trade Secrets Act — 18 U.S.C. §§ 1836 *et seq*.**

40. Berkley incorporates each of the above paragraphs as though fully set forth herein.

41. Berkley owns and possesses certain confidential, proprietary, and trade secret information, as alleged above. This information includes, without limitation:

    a.    Sales and commission structure information, including sales minimums and goals by sales representative, commission rates, and the proprietary formula of payment and commission rates to sales staff;

    b.    Booking reports, which include profitability on orders, the cost of all goods manufactured and the price for services offered to

clients, along with the history of profitability, present standing, and future goals;

c. Client contact information, along with quoted rates for orders, history of orders, technical specifications of historical requests, and future projections and goals, along with the proprietary formula that Berkley has established and uses to determine service prices per purchase order; and

d. Vendor contact information, along with price sheets, costs, timelines, history of purchase orders, technical specifications of historical requests, and future projections.

42. Berkley's confidential, proprietary, and trade secret information relates to products and services that are used, sold, shipped, or ordered in, or intended to be used, sold, shipped, or ordered in, interstate or foreign commerce.

43. Berkley's confidential, proprietary, and trade secret information derives economic value from not being generally known to, and not being readily ascertainable through proper means by, the public or other persons who could obtain economic value from the disclosure or use of the information.

44. Berkley has made reasonable efforts to maintain the confidentiality and secrecy of its proprietary information. These efforts include training employees in the protection of corporate secrecy, requiring employees to sign confidentiality agreements, limiting physical access to proprietary information, and performing exit interviews with departing employees

45. In violation of Berkley's rights, and despite Berkley's efforts, Sanchez misappropriated Berkley's confidential, proprietary, and trade secret information through the improper and unlawful means alleged herein, including (1) Defendant Sanchez's wrongful taking of Berkley's confidential, proprietary and trade secret information without the express or implied consent of Berkley, including by forwarding confidential, proprietary, and trade secret information from her Berkley email account to her personal gmail account; (2) Defendant Sanchez's disclosure of the trade secrets without Berkley's consent or authorization; and (3) Defendant

COMPLAINT

Sanchez's use of the trade secrets for her benefit, the benefit of third parties, and to harm Berkley.

46. Sanchez's misappropriation of Berkley's trade secret information was intentional, knowing, willful, malicious, fraudulent, and oppressive. Sanchez has attempted, and continues to attempt, to conceal her misappropriation.

47. As a direct and proximate result of Sanchez's conduct, Berkley has sustained and will continue to sustain significant harm and damages in an amount to be proven at trial.

48. In addition, because Berkley has sustained and will continue to sustain irreparable injury for which it has no adequate remedy at law, Berkley seeks permanent injunctive relief to protect its confidential, proprietary, and trade secret information and to protect its legitimate business interests. Absent such relief, Berkley will continue to suffer irreparable injury.

49. Berkley has been damaged by all of the foregoing and is entitled to an award of exemplary damages and attorneys' fees.

## SECOND CLAIM FOR RELIEF

### Violation of California Uniform Trade Secrets Act —
### California Civil Code §§ 3426 *et seq.*

50. Berkley incorporates all of the above paragraphs as though fully set forth herein.

51. Berkley owns and possesses certain confidential, proprietary and trade secret information, as alleged above. This information includes, without limitation:

   a. Sales and commission structure information, including sales minimums and goals by sales representative, commission rates, and the proprietary formula of payment and commission rates to sales staff;

   b. Booking reports, which include profitability on orders, the cost of all goods manufactured and the price for services offered to

- 13 -
COMPLAINT

      clients, along with the history of profitability, present standing, and future goals;

   c.   Client contact information, along with quoted rates for orders, history of orders, technical specifications of historical requests, and future projections and goals, along with the proprietary formula that Berkley has established and uses to determine service prices per purchase order; and

   d.   Vendor contact information, along with price sheets, costs, timelines, history of purchase orders, technical specifications of historical requests, and future projections.

52.   Berkley's confidential, proprietary, and trade secret information relates to products and services that are used, sold, shipped, or ordered in, or intended to be used, sold, shipped, or ordered in, interstate or foreign commerce.

53.   Berkley has made reasonable efforts to maintain the confidentiality and secrecy of its proprietary information.  These efforts include training employees in the protection of corporate secrecy, requiring employees to sign confidentiality agreements, limiting physical access to proprietary information, and performing exit interviews with departing employees.

54.   In violation of Berkley's rights, and despite Berkley's efforts, Sanchez misappropriated Berkley's confidential, proprietary, and trade secret information through the improper and unlawful means alleged herein, including (1) Defendant Sanchez's wrongful taking of Berkley's confidential, proprietary, and trade secret information without the express or implied consent of Berkley, including by forwarding confidential, proprietary, and trade secret information from her Berkley email account to her personal Gmail account; (2) Defendant Sanchez's disclosure of the trade secrets without Berkley's consent or authorization; and (3) Defendant Sanchez's use of trade secrets for her benefit, the benefit of third parties, and to harm Berkley.

55. Sanchez's misappropriation of Berkley's trade secret information was intentional, knowing, willful, malicious, fraudulent, and oppressive. Defendant has attempted, and continues to attempt, to conceal her misappropriation.

56. As a direct and proximate result of Defendant's conduct, Berkley has sustained and will continue to sustain significant harm and damages in an amount to be proven at trial.

57. In addition, because Berkley has sustained and will continue to sustain irreparable injury for which it has no adequate remedy at law, Berkley seeks preliminary and permanent injunctive relief to protect its confidential, proprietary, and trade secret information and to protect other legitimate business interests. Absent this relief, Berkley will continue to suffer irreparable injury.

58. Berkley has been damaged by the foregoing and is entitled to an award of exemplary damages and attorneys' fees.

59. Upon information and belief, each of the acts of misappropriation was done willfully and maliciously by Sanchez, with the deliberate intent to injure Berkley's business for her own financial gain, thereby entitling Berkley to punitive damages and attorneys' fees to be proved at trial pursuant to Cal. Civ. Code Section 3426.3(c).

### THIRD CLAIM FOR RELIEF

#### Breach of Contract

60. Berkley incorporates each of the above paragraphs as if fully set forth herein.

61. On July 23, 2019, Berkley and Defendant Sanchez entered into The Agreement.

62. The Agreement is valid and enforceable.

63. Berkley performed all material terms required under The Agreement.

64. Pursuant to The Agreement, Sanchez acknowledged that while working for Berkley, Sanchez may receive training in or access to Berkley's documentation

and procedures, and further acknowledged that disclosure of such confidential and proprietary information to competitors and others in the general public would be detrimental to Berkley.

65. Sanchez further agreed not to use any confidential or proprietary information of Berkley's on Sanchez's own behalf or on the behalf of any other individual, corporation, or other business organization or entity to gain a competition advantage against Berkley at any time.

66. Sanchez further agreed, upon termination, to surrender all records, documents, lists, and any other property which came into Sanchez's possession because of the working relationship with Berkley, including all hard and electronic copies of documents.

67. Sanchez further agreed not to solicit any client or customer of Berkley to refrain from doing business with Berkley, induce any client or customer of Berkley to reduce the amount of business it does with Berkley, damage any relationship between Berkley and its clients or customers, redirect business that would have normally gone to Berkley.

68. Sanchez further agreed to not interfere with the relationship between Berkley and its employees, agents, representatives.

69. Sanchez—by using Berkley's confidential and proprietary information for her own behalf, or on the behalf of third parties, and by failing to surrender Berkley's property belonging to Berkley, misappropriating the property of Berkley, and inducing Berkley clients and customers to do business with Sanchez, including on behalf of third parties, and interfering with relationships between Berkley and its employees, agents, representatives—has breached her agreement with Berkley.

70. On information and belief, Sanchez breached section 1(d) of The Agreement by, among other things,; (1) using Berkley's confidential and trade secret information, and (2) disclosing Berkley's confidential and trade secret information.

COMPLAINT

71. On information and belief, Sanchez breached section 2(a) of The Agreement by retaining and failing to return Berkley's confidential and trade secret information.

72. On information and belief, Sanchez breached section 3(c) of The Agreement by soliciting Berkley employees to leave Berkley's employment for a competitor, during Sanchez's employment with Berkley.

73. On information and belief, Sanchez breached section 4 of The Agreement by using Berkley trade secret information to call on, solicit, or take away, or attempt to call on, solicit, or take away Berkley employees and/or customers.

74. As a direct and proximate result of Sanchez's breaches of The Agreement, Berkley has suffered damages in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF

### Intentional Interference with Contractual Relations

75. Berkley incorporates each of the above paragraphs as if fully set forth herein.

76. Berkley has contractual relationship with its employees, agents, and representatives.

77. Sanchez, as an employee of Berkley was aware of Berkley's ongoing relationship with its clients.

78. Defendant, through her position of employment and status with Berkley, intentionally induced or attempted to induce other Berkley employees to breach their contractual relationships with Berkley and instead seek employment with third parties, including Acorn, Berkley's direct competitor, in order to cause economic harm to Berkley.

79. As a result of Defendant's wrongful conduct, which had the intention to, and did, disrupt and damage the relationship between Berkley and its employees.

80. As a direct and proximate result of Defendant's conduct, Berkley has sustained and will continue to sustain harm and damages at an amount to be proven at trial.

## PRAYER FOR RELIEF

Wherefore, Berkley respectfully requests the following relief:

1. Judgment in Berkley's favor and against Defendant on all causes of action alleged herein;

2. For damages from Defendant's wrongful acts in an amount to be proven at trial;

3. For an order directing Defendant to deliver back to Berkley originals and all copies of any and all confidential, proprietary, and trade secret information Defendant Sanchez misappropriated from Berkley;

4. For preliminary and permanent injunctive relief;

5. For exemplary or punitive damages;

6. For prejudgment interest;

7. For attorneys' fees and costs incurred herein; and

8. For such other and further relief as the Court may deem to be just and proper.

## DEMAND FOR JURY TRIAL

Berkley hereby demands trial by jury for all causes of action, claims, or issues in this action that are triable as a matter of right to a jury.

Dated: August 29, 2019

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By: */s/ Brian M. Wheeler*
Brian M. Wheeler
Lana Milojevic
Attorneys for Plaintiffs
BERKLEY INTERNATIONAL, LLC, and
BERKLEY INTERNATIONAL (NC), LLC